UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. SU, Acting Secretary of Labor,　)
United States Department of Labor,　)
　)
　　　Plaintiff,　)
　) Civil Action No. 23-cv-00802-PLM-SJB
v.　)
　) Hon. Paul L. Maloney
AJCJ, LLC d/b/a GIBBY'S　)
ON THE LAKE and GIBBY'S BAR &　)
GRILL, a Michigan Corporation;　)
STEVE CROUCH, an individual; and　)
MICHELLE CROUCH, an individual.　)
　)
　　　Defendants.　)
　)

## CONSENT ORDER AND JUDGMENT

Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, (the "Secretary") having filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants **AJCJ, LLC d/b/a GIBBY'S ON THE LAKE** and **GIBBY'S BAR & GRILL**, a Michigan Corporation, **STEVE CROUCH**, an individual, and **MICHELLE CROUCH**, an individual, (collectively "Defendants") having appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Order and Judgment without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 3(m)(2)(B) and 6 the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. § 3(m)(2)(B), implement a tip pool that requires employees to share tips with managers, supervisors, or employers. *See also* 29 C.F.R. § 531.54(b)(1).

3. Defendants shall not, contrary to 29 U.S.C. §§ 203(m), 206(a)(1), utilize a tip credit toward their minimum wage obligation to the tipped employees that is not in compliance with the Act.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

   a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

   b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

   c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 17 of the Act, in favor of the Secretary and against Defendants in the amount of $18,767.99, which includes $18,483.40 for back wages, plus pre-judgment interest of $284.59 as set forth in Exhibit A.

5. The Secretary has recovered from Defendants the sum of $18,483.40 in unpaid minimum wage covering the period from November 9, 2020, to November 8, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A and pre-judgment interest of $284.59.

   a. At the time of Defendants' execution of this Consent Order and Judgment, Defendants have delivered payment in the amount of $18,767.99.

b. Representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

c. Defendants remain responsible for the employer's share of the social security (F.I.C.A.) tax arising from or related to the back wages paid as described in subparagraph (a).

d. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

e. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

f. The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this ___4th___ day of __August__, 2023.

                                                                /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge

Entry of this judgment is hereby consented to:

**For Defendants:**

Date: _____

*[signature]*
AJCJ, LLC d/b/a GIBBY'S ON
THE LAKE and GIBBY'S BAR & GRILL
Its President/Owner

*[signature]*
STEVE CROUCH, individually

*[signature]*
MICHELLE CROUCH, individually

*[signature]*
Jordan Nicole Harden
Yancey Law Office PLLC
129 W. Main Street POB 254
Mendon, MI 49072
(269) 496-1200
jordan.yanceylawoffice@gmail.com

*Attorney for Defendants*

**For Plaintiffs:**

Date: 8/3/2023 _____

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Lydia J. Faklis
_____
**LYDIA J. FAKLIS**
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6992
faklis.lydia.j@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*